IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARD OF TRUSTEES, ROOFERS UNION LOCAL 30 COMBINED HEALTH AND WELFARE FUND,<br>BOARD OF TRUSTEES, ROOFERS UNION LOCAL 30 COMBINED PENSION FUND,<br>BOARD OF TRUSTEES, ROOFERS UNION LOCAL 30 COMBINED ANNUITY FUND,<br>BOARD OF TRUSTEES, ROOFERS LOCAL 30 JOINT APPRENTICESHIP FUND OF PHILADELPHIA AND VICINITY<br>BOARD OF TRUSTEES, ROOFERS LOCAL 30 POLITICAL ACTION AND EDUCATION FUND<br>LOCAL UNION NO. 30 OF THE UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, and<br>SHAWN McCULLOUGH, a Fiduciary<br>6447 Torresdale Avenue<br>Philadelphia, PA 19135<br><br>    and<br><br>ROOFING CONTRACTORS ASSOCIATION INDUSTRY FUND<br>414 Rector Street<br>Philadelphia, PA 19128<br>                    Plaintiffs,<br><br>    v.<br><br>HUGHES URETHANE CONSTRUCTION CO., INC.<br>    d/b/a Albright-Hughes Urethane<br>805 Churchville Rd<br>Southampton, PA 18966<br><br>                    Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.  A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3.  Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Board of Trustees, Roofers Union Local 30 Combined Health and Welfare Fund is the collective name of the trustees of the Roofers Union Local 30 Combined Health and Welfare Fund, a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor," and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Roofers Union Local 30 Combined Health and Welfare Plan ("Welfare Plan") and Roofers Union Local 30 Vacation Plan ("Vacation Plan").[1] The trust, its trustees, and the Welfare and Vacation Plans are jointly and severally referenced as "Welfare Fund" in this Complaint.

---

[1] Effective January 1, 2015, the Composition Roofers Local 30 Combined Vacation Fund ("Vacation Fund") merged into the Welfare Fund.

5.  The Welfare Plan is a "multiemployer plan," "employee welfare benefit plan," and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). The Welfare Plan is also known as and referenced as the "Welfare Fund" and "Roofers Local 30 Health and Welfare Fund" in the Labor Contract related to this Complaint.

6.  The Vacation Plan is a "multiemployer plan," "employee welfare benefit plan," and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). The Vacation Plan is known as and referenced as the "Vacation Fund" in the Labor Contract related to this Complaint.

7.  Plaintiff Board of Trustees, Roofers Union Local 30 Combined Pension Fund is the collective name of the trustees of the Roofers Union Local 30 Combined Pension Fund, a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Roofers Union Local 30 Combined Pension Plan ("Pension Plan"). The trust, its trustees, and plan are jointly and severally referenced as "Pension Fund" in this Complaint.

8.  The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2), and (3). The Pension Plan is also known as and referenced as the "Roofers Local 30 Pension Fund" and "Pension Fund" in the Labor Contract relating to this Complaint.

9.  Plaintiff Board of Trustees, Roofers Union Local 30 Combined Annuity Fund is the collective name of the trustees of the Roofers Union Local 30 Combined Annuity Fund, a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of

29 U.S.C. §§ 1102(a), 1002(16), (21), of the Roofers Union Local 30 Combined Annuity Plan ("Annuity Plan"). The trust, its trustees, and plan are jointly and severally referenced as "Annuity Fund" in this Complaint.

10. The Annuity Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2), and (3). The Annuity Plan is also known as and referenced as the "Roofers Local 30 Annuity Fund" and "Annuity Fund" in the Labor Contract relating to this Complaint.

11. Plaintiff Board of Trustees, Roofers Local 30 Joint Apprenticeship Fund of Philadelphia and Vicinity is the collective name of the trustees of the Roofers Local 30 Joint Apprenticeship Fund of Philadelphia and Vicinity ("Apprenticeship Fund"). The Apprenticeship Fund is a trust established under 29 U.S.C. § 186(c)(5) and "multiemployer plan," "employee welfare benefit plan," and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). The trust, its trustees and plan are jointly and severally referenced as "Apprenticeship Fund" in this Complaint and "Roofing Apprenticeship Fund," "Joint Roofing Apprenticeship Fund," and "Joint Apprenticeship Program Fund" in the Labor Contract relating to this Complaint.

12. Plaintiff, Roofing Contractors Association Industry Fund ("Industry Fund") is the common name of an account or fund established and maintained by the Roofing Contractors Association for the purpose of fostering and advancing the interest of the commercial roofing industry in the Philadelphia area.

13. Plaintiff, Roofers Local 30 Political Action and Education Fund ("PAC") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the

selection, nomination, election, and/or appointment of individuals for political office. The PAC is also known as and referenced as the "Roofers Local 30 Political Education Fund" in the Labor Contract relating to this Complaint.

14. Plaintiff, Local Union No. 30 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of Defendant who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

15. The Welfare Fund, Pension Fund, Annuity Fund, Apprenticeship Fund (jointly or severally, "ERISA Funds"), Industry Fund, and the Union (together with the ERISA Funds and Industry Fund, "Funds") maintain their principal place of business and are administered from offices located in Pennsylvania.

16. Plaintiff Shawn McCullough ("McCullough" and together with the Funds, "Plaintiffs") is a fiduciary with respect to the Welfare Fund, Pension Fund, Annuity Fund, and Apprenticeship Fund within the meaning of 29 U.S.C. 1002(21), Chairman of the Industry Fund, and President and Business Manager of the Union, with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Welfare Fund, Pension Fund, Annuity Fund, Apprenticeship Fund, Industry Fund, and Union.

17. Hughes Urethane Construction Co., Inc. d/b/a Albright-Hughes Urethane ("Defendant"), is a Pennsylvania incorporated company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## **COMMON FACTS**

18. At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A true and correct copy of the Labor Contract to which Defendant is bound and a signature/assent page are attached collectively as Exhibit 1.

19. Defendant also signed or agreed to abide by the terms of the agreements and declarations of trust of the ERISA Funds, as from time to time amended ("Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations. Ex. 1, Labor Contract, Art. XXV (Welfare Fund), Art. XXVI (Pension Fund), Art. XXVII (Vacation Fund), Art. XXVIII (Annuity Fund), Art. XXIX (Industry Fund), Art. XXX (Dues Checkoff), Art. XXXI (Apprenticeship Fund), and Art. XXXII (PAC).

20. Under the Labor Contract, incorporated Trust Agreements, and applicable law, Defendant agreed:

    (a) To make full and timely payments on a regular basis to the Funds, as required by the Labor Contract, Trust Agreements, and plan documents. Ex. 1, Labor Contract, Art. XXV (Welfare Fund), Art. XXVI (Pension Fund), Art. XXVII (Vacation Fund), Art. XXVIII (Annuity Fund), Art. XXIX (Industry Fund), Art. XXX (Dues Checkoff), Art. XXXI (Apprenticeship Fund), and Art. XXXII (PAC).

    (b) To file timely remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, Art. XXXIII, §§ 1-2.

(c)     To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Defendant's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Labor Contract, Trust Agreements, or plan documents. Ex. 1, Article XXXIII. § 2(g).

(d)     To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of its failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, Art. XXXIII, § 2(b).

(e)     That when contributions become due and payable to the Funds, these amounts become plan assets of the Funds.

### Failure or Refusal to Comply With Audit Request

21.     By letter dated October 29, 2018, after several attempts by the Funds' auditor, Plaintiffs' Counsel requested that Defendant provide all books and records necessary for the Funds' auditor to complete the audit, including all certified payrolls.

22.     As of the date of the filing of this Complaint, Defendant has not submitted all the records required to complete the audit, including all certified payrolls.

23.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

### COUNT I - AUDIT

### PLAINTIFFS

v.

### DEFENDANT

24.     The allegations of Paragraph 1 through 23 are incorporated by reference as if fully restated.

25. Defendant is obligated to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due to the Plaintiffs.

26. The amount of contributions and dues Defendant is required to pay to the Plaintiffs is based on hours worked and wages paid to employees performing work covered by the Labor Contract.

27. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent, and amount of Defendant's delinquency since the books, records, and information necessary to determine this liability are in the exclusive possession, custody, and control or knowledge of Defendant.

28. An audit of Defendant's books and records for the period January 1, 2014 through December 31, 2015 has not been completed because Defendant has refused to provide the Funds' auditors all of the necessary records and information as required by the Labor Contract, Trust Agreements, and applicable law.

29. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

30. Defendant is required by the Labor Contract, Trust Agreements, and applicable law to permit the Funds to audit the records and to cooperate in determining the contributions due to the Plaintiffs.

31. The Plaintiffs have no adequate remedy at law because the calculation of any damages suffered as a result of the breach itself requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin Defendant, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with it to permit an audit of all records under their actual or constructive control for the period January 1, 2014 through December 31, 2015 and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS DUE UNDER ERISA AFTER AUDIT

### ERISA FUNDS

### v.

### DEFENDANT

32. The allegations of Paragraphs 1 through 31 are incorporated by reference as if fully restated.

33. The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent, and amount of Defendant's delinquency since the books, records, and information necessary to determine this liability are in Defendant's possession, custody, control, or knowledge.

34. The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against Defendant and in favor of the ERISA Funds for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment,

liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan documents or statute, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III – AMOUNTS DUE UNDER CONTRACT AFTER AUDIT

### PLAINTIFFS

### v.

### DEFENDANT

35. The allegations of Paragraphs 1 through 34 are incorporated by reference as if fully restated.

36. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent, and amount of Defendant's delinquency since the books, records, and information necessary to determine this liability are in Defendant's possession, custody, control, or knowledge.

37. Plaintiffs have been damaged by Defendant's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against Defendant and in favor of the Plaintiffs for the amount of contributions found due and owing by an audit together with liquidated damages, interest, and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                    Respectfully submitted,

                    JENNINGS SIGMOND, P.C.

BY: *[signature]*
      RYAN P. McCARTHY (ID No. 323125)
      1835 Market Street, Suite 2800
      Philadelphia, PA 19103
      (215) 351-0664
      Fax: (215) 922-3524
      rmccarthy@jslex.com

Date:  April 25, 2019        *Attorney for Plaintiffs*